FILED
NOV 2 3 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Reginald Purnell,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　) Civil Action No. 10 2001
　　　　　　　　　　　　　　　　　　)
President Barack Obama,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a federal prisoner at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. In what he captions "Complaint of Negligence in Case No. 2:05-CR-00192-2 USDC Ohio Pursuant to Rule 3 F.R.CV.P.," plaintiff challenges his conviction following a guilty plea in December 2005 and his sentence of 148 months' imprisonment imposed in April 2006. Compl. at 1. Specifically, he claims that the criminal statute under which he was convicted is invalid. *Id.* Plaintiff seeks $20 million in monetary damages. *Id.* at 2.

A challenge to a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the

constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 states that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Plaintiff does not identify the sentencing court but the Court presumes from the criminal case number listed in the complaint's caption that the prosecution occurred in the federal district court in Ohio.

Because plaintiff's success on his claim would necessarily void the conviction, he cannot recover monetary damages without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing. He therefore has failed to state a claim upon which monetary relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: November 20, 2010